ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Brigette McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665 Fax: (651) 406-9676

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Sizmek, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10971 (DSJ)<br><br>(Jointly Administered) |
| Alan Nisselson, Chapter 7 Trustee of Sizmek, Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Google Inc. dba DoubleClick Inc.,<br><br>Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alan Nisselson, the chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates of Sizmek, Inc. and its affiliated debtors (the "Debtors"), by and through his undersigned counsel, file this complaint (the "Complaint") to avoid and recover transfers against Google Inc.

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

1

dba DoubleClick Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1.      Plaintiff seek to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtors pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserve all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *In re Sizmek, Inc., et al.,* Case No. 19-10971 (DSJ), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). The Trustee consents to entry of final orders and judgment by the Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7. On March 29, 2019 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On November 24, 2020 (the "Conversion Date"), the Court entered an *Order Converting Chapter 11 Cases to Chapter 7* [Dkt. No. 908], converting the Debtors' cases from chapter 11 to chapter 7 of the Bankruptcy Code.

9. On November 25, 2020, the United States Trustee appointed the Trustee to serve as the interim chapter 7 trustee for the Debtors' estates.

## THE PARTIES

10. The Debtors provided online advertising, campaign management, and distribution platform services for advertisers, media agencies, and publishers.

11. Pursuant to Bankruptcy Code sections 547, 550, and 704(a), the Trustee is authorized and has standing to pursue this avoidance action.

12. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3

## FACTUAL BACKGROUND

13. Prior to the Petition Date, the Debtors, as providers of online advertising, campaign management, and distribution platform services, maintained business relationships with various business entities and individuals, through which Debtors regularly purchased, sold, received, and/or delivered goods and services.

14. At the beginning of 2019, the Debtors learned that Vector Capital would not provide additional funding to them. This led to the Debtors' first lien lenders (the "First Lien Lenders") undertaking an extensive diligence process whereby the First Lien Lenders determined whether to replace the general partner of the Debtors' ultimate parent, thereby taking control. Ultimately, the First Lien Lenders opted not to take control and, instead, exercised certain remedies, including restricting the Debtors' access to their cash management accounts. All of the foregoing led to the Debtors' decision to file their bankruptcy petitions.

15. During the ninety (90) days before and including the Petition Date, that is between December 29, 2018 and March 29, 2019 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

16. Upon information and belief, during the course of their relationship, the Defendant and Debtors entered into agreements for the purchase of goods and/or services by Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors.

4

17. Debtor Sizmek DSP, Inc.'s ("SDSPI") payments to the Defendant pursuant to the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

18. The Trustee is seeking to avoid all of the transfers of an interest of the Debtors' property made by Debtors to Defendant within the Preference Period.

19. SDSPI made transfer(s) of an interest of SDSPI's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfers") The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

20. On or about June 4, 2020, the Debtors, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c), and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so the Debtors could review the same. The Trustee also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

21. Based upon the Trustee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), the Trustee has determined that he may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

22. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is the Trustee's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

23. The Trustee incorporate all preceding paragraphs as if fully re-alleged herein.

24. During the Preference Period, SDSPI made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

25. Each Transfer was made from SDSPI, and constituted transfers of an interest in property of SDSPI.

26. Defendant was a creditor of SDSPI at the time of Transfer by virtue of supplying goods and/or services to SDSPI for which SDSPI was obligated to pay in accordance with the Agreements. See Exhibit A.

27. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by SDSPI to Defendant. See Exhibit A.

28. Each Transfer was made for, or on account of, an antecedent debt or debts owed by SDSPI to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by SDSPI. See Exhibit A.

29. Each Transfer was made while SDSPI was insolvent. SDSPI is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

30. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

31. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) SDSPI's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by SDSPI's schedules filed in the underlying bankruptcy case, SDSPI's liabilities exceed its assets such that SDSPI's unsecured creditors will not receive payment of their claims in full from the SDSPI's bankruptcy estate.

32. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

33. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

34. The Trustee is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b).

35. Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

7

36. Pursuant to 11 U.S.C.§ 550(a), the Trustee is entitled to recover from Defendant the Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### Third Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

37. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

38. Defendant is a transferee of transfers avoidable under section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

39. Defendant has not paid the amount of the Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

40. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estate must be disallowed until such time as Defendant pays to the Debtors' estate an amount equal to the aggregate amount of the Transfer(s), plus interest thereon and costs.

41. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estate previously allowed by Debtors or by the Trustee, must be reconsidered and disallowed until such time as Defendant pays to the Debtors' estate an amount equal to the aggregate amount of the Transfer(s).

### PRAYER FOR RELIEF

WHEREFORE, the Trustee requests that this Court grant the following relief against Defendant:

A. On the Trustee's First and Second Claims for Relief, judgment in favor of the Trustee and against Defendant, avoiding all of the Transfers and directing Defendant to return to Debtors' estate the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum

legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On the Trustee's Third Claim for Relief, judgment in favor of the Trustee and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Transfers to the Debtors' estae pursuant to 11 U.S.C. § 502(d) and (j); and

C. Such other and further relief as this Court may deem just and proper.

Dated: March 22, 2021

        **ASK LLP**

        By: /s/ *Brigette McGrath*
        Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
        Brigette McGrath, Esq.
        Nicholas C. Brown, Esq., NC SBN 38054
        ASK LLP
        2600 Eagan Woods Drive, Suite 400
        St. Paul, MN 55121
        Telephone: (651) 289-3867
        Fax: (651) 406-9676
        Email: nbrown@askllp.com

        *-and-*

        Edward E. Neiger, Esq.
        151 West 46th Street, 4th Fl.
        New York, NY 10036
        Telephone: (212) 267-7342
        Fax: (212) 918-3427

        *Attorneys for Trustee*